IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Roberta J. Young, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 07-0223 ) ) |
| Michael J. Astrue, Commissioner of Social Security | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Chief District Judge.

**SYNOPSIS**

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 5 and 8). Both parties filed briefs supporting their respective motions. (Docket Nos. 6 and 9). Upon analysis and careful consideration of each submission, and as set forth in the Opinion below, I will vacate and remand this case for additional proceedings consistent with this Opinion.

**OPINION AND ORDER OF COURT**

**I. Procedural Background**

Plaintiff filed this action under 42 U.S.C. §405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under the Social Security Act ("Act"). (Docket No. 1). On June 24, 2004, Plaintiff filed an application for DIB, alleging her disability began on February 8, 2003 as the result

1

of a car accident. (R. 26-28). After her claim was denied, Plaintiff requested a hearing. (R. 29-34). During the April 22, 2005 hearing, the Administrative Law Judge ("ALJ") took testimony from Plaintiff, Plaintiff's husband, and from Fred A. Monaco, a vocational expert. (R. 350-392). On July 20, 2006, the ALJ found Plaintiff was not disabled. (R. 11-19). In December of 2007, the Appeals Council denied Plaintiff's request for review rendering the ALJ's decision final. (R. 6-10). Plaintiff filed this action seeking relief from the ALJ's decision, and both parties filed Cross-Motions for Summary Judgment. (Docket Nos. 5 and 8).

## II. Standard of Review

When reviewing a decision denying DIB, the District Court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971). If the ALJ's findings of fact are supported by substantial evidence they are conclusive. 42 U.S.C. §405(g); *Richardson,* 402 U.S. at 390.

A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See*, 5 U.S.C. §706. A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Newell v. Commissioner of Social Security,* 347 F.3d 541, 549 (3d Cir. 2003). A reviewing court may remand a case to the Secretary for good cause where relevant, probative and available evidence was not

2

explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits. *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979).

### III. Discussion

**A. Legal Standard in Social Security Cases**

To be eligible for social security benefits under the Act, a claimant must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Social Security Administration promulgated regulations incorporating a five-step sequential analysis for the ALJ to use when evaluating the disability status of each claimant. 20 C.F.R. §404.1520(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals one of the impairments found in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) whether the claimant retains the ability to perform past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy. 20 C.F.R. §404.1520. The claimant carries the initial burden of proving by medical evidence that she is unable to return to her previous employment (steps 1-4). *Newell,* 347 F.3d at 545-546. Once the claimant meets this burden, the burden of production shifts to the Commissioner to show that the claimant can perform other available work in order to deny a claim of disability (step 5). *Id.* at 546.

In denying Plaintiff benefits, the ALJ found as fact: (1) Plaintiff had not engaged in substantial gainful employment since February 8, 2003 and her current work activity was not of such a nature to be deemed substantial gainful activity; (2) Plaintiff had a severe musculoskeletal impairment; (3) Plaintiff's impairment did not meet or medically equal one of the listed impairments in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) Plaintiff was unable to perform any past relevant work; and (5) Plaintiff could perform a number of sedentary jobs that exist in the national economy. (R. 15-19).

**B. Plaintiff's and Defendant's Cross-Arguments**

Plaintiff challenges the ALJ's decision with respect to step five of the sequential analysis. (Docket No. 6, p.7). Her argument centers on her belief that the ALJ disregarded or ignored medical evidence presented by her treating physician, Dr. Bonfiglio – specifically two medical reports, one dated July 14, 2005 and one dated June 15, 2006. (Docket No. 6, p. 7). Plaintiff contends the ALJ failed to give these reports proper weight, failed to explain the contradiction between the content of these reports and the ALJ's conclusion that she could engage in substantial gainful work, and/or provide adequate credibility determinations. (Docket No. 6, pp. 7-11).

Defendant moves this Court to enter summary judgment on the basis that substantial evidence supports the ALJ's finding that Plaintiff retains the ability to perform sedentary work and thus uphold the decision that Plaintiff is not disabled under the Act. (Docket No. 9, pp. 10-16).

**C. Analysis**

The law requires the ALJ to consider and weigh "every medical opinion" received. 20 C.F.R. §404.1527(d). Generally, the ALJ should give more weight to a treating physician's opinion. 20 C.F.R. §404.1527(d)(2). A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert

4

judgment based on a continuing observation of the patient's condition over time. *Morales v. Apfel,* 225 F.3d 310, 317 (3d Cir. 2000). The ALJ must weigh the relative worth of a treating physician's report against the other reports submitted by other physicians who have examined the claimant. *Adorno v. Shalala,* 40 F.3d 43, 48 (3d Cir. 1994). Thus, the ALJ is not required to give the treating physician's opinion controlling weight. *Morales,* 225 F.3d at 317. A treating physician's opinion receives controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record. 20 C.F.R. §404.1527(d)(2).

When determining whether to give the treating physician's opinion controlling weight, the ALJ must consider: (1) the length of the treatment relationship; (2) the nature and extent of the treatment relationship; (3) the supportability of the treating physician's opinions; and (4) the consistency of the treating physician's opinion with the record as a whole. 20 C.F.R. §404.1527(d)(2)(i-iv). In addition, the better an explanation a treating physician provides for an opinion, the more weight the ALJ can give that opinion. 20 C.F.R. §404.1527(d)(3). The ALJ may properly accept some parts of the medical evidence and reject others, but must give some reason for rejecting evidence especially when rejecting probative evidence which would suggest a contrary disposition. *Adorno,* 40 F.3d at 48. Failure to mention and explain contradictory medical evidence is error. *Burnett v. Commissioner of Social Security Administration,* 220 F.3d 112, 122 (3d Cir. 2000). Where there is conflicting probative evidence in the record, there is a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and the court will vacate or remand a case where such an explanation is not provided. *Fargnoli v. Halter,* 247 F.3d 34, 42 (3d Cir. 2001).

In the present matter, the ALJ reviewed and gave at least some weight to Plaintiff's treating

physician, Dr. Bonfiglio. (R. 15-16). The ALJ specifically mentioned: (1) Dr. Bonfiglio's August 18, 2003 report in support of his finding related to Plaintiff's diagnoses; (2) all medical records (including Dr. Bonfiglio's reports) evidencing left cervical radiculopathy at Plaintiff's C7 level; (3) portions of each one of Dr. Bonfiglio's reports from August 18, 2003 to April 22, 2005 to support his finding related to the results of Plaintiff's physical examinations; (4) Dr. Bonfiglio's August 18, 2003 report in support of his own conclusion that Plaintiff could not return to her former work as a nurse but could work as a case manager or perform other administrative duties; and (5) Dr. Bonfiglio's November 10, 2005 report in support of his finding the Plaintiff's neurologic examination was within normal limits. (R. 15-16).

However, the ALJ does not mention the one report written by Dr. Bonfiglio dated July 14, 2005 which concludes that Plaintiff cannot return to significant gainful employment. (R. 339). The Court's review of all the medical evidence shows that Dr. Bonfiglio initially opined that he was "hopeful" Plaintiff would return to sedentary work, then later cleared her to work 12 hours per week at a sedentary job, but ultimately, he opined that she was disabled from substantial gainful employment and would "never" be able to work. (R. 173, 179, 339 and 343). It is these later opinions that the ALJ failed to mention in his decision.

Following his initial examination of Plaintiff on August 18, 2003, Dr. Bonfiglio opined that Plaintiff was not "presently able to return to her former work as a nurse" but he was "hopeful" that she could still utilize her nursing degree in a less physically demanding role by working as a "case manager or perform other administrative duties."[1] (R. 179). In his September 29, 2003 report, Dr.

---

[1] In his decision, the ALJ relied on Dr. Bonfiglio's August 18, 2003 report for the proposition that Dr. Bonfiglio opined she <u>could</u> return to work as a case manager or administrator, which appears different from the conclusion Dr. Bonfiglio actually stated in his report as set forth above. (R.16).

Bonfiglio wrote, "[Plaintiff] will be able to eventually return to work but only in a sedentary job. Hopefully, she will be able to return to work by the end of the year."[2] (R. 175). In his next report dated December 23, 2003, Dr. Bonfiglio released Plaintiff to work at a sedentary job for only fours hours per day, three days per week.[3] (R. 173). In his July 14, 2005 report, Dr. Bonfiglio opined, "[b]ecause of the severity of her pain and associated symptoms, she is not able to return to significant gainful employment." (R. 339). In his June 15, 2006 "Attending Physician's Statement," Dr. Bonfiglio indicated that Plaintiff could not lift or carry anything, and that she could "never" return to work.[4] (R. 343). The ALJ's decision fails to state whether he rejected Dr. Bonfiglio's July 14, 2005 report concluding Plaintiff could not return to significant gainful employment, nor does the decision provide a reason for such a rejection, if this evidence was, in fact, rejected.

Case law requires that the ALJ provide not only an expression of the evidence he considered which supports his result, but also some indication of the evidence which was rejected. *Cotter v. Harris*, 642 F.2d 700, 705-706 (3d Cir.1981). In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored. *Ibid*.

In this matter, I cannot determine whether Dr. Bonfiglio's July 14, 2005 report containing his opinion that Plaintiff could not return to significant gainful employment was rejected or simply ignored. It is clear that both the ALJ and the medical consultant relied upon Dr. Bonfiglio's earlier

---

[2] The medical consultant, Nancy Carpenter, MD, relied on Dr. Bonfiglio's September 23, 2003 report for the proposition that Plaintiff <u>could</u> return to sedentary work, which again appears different from the conclusion Dr. Bonfiglio reached as quoted above. (R.197).

[3] At the time of the hearing before the ALJ, Plaintiff was working at a sedentary job for three hours per day, three days per week. The ALJ found that this work did <u>not</u> constitute significant gainful employment. (R. 15).

[4] Based on my review of the record, it does not appear that Plaintiff's counsel sent the June 15, 2006 document to the ALJ for his review; however, it was sent to the Appeals Council. (R. 342).

7

reports to support a conclusion that Plaintiff could return to substantial gainful sedentary work. (R. 15-16, 197). However, after reviewing the record as a whole, I question whether sufficient evidence exists <u>within</u> Dr. Bonfiglio's medical reports to support such a conclusion. This is further compounded by the lack of reference to Dr. Bonfiglio's July 14, 2005 report containing a contrary opinion. Although the ALJ may properly accept some parts of medical evidence while rejecting others, he must give some reason for rejecting evidence, especially when, as here, the evidence suggests a contradictory disposition. *See, Adorno*, 40 F.3d at 43. Moreover, the ALJ does not point to any evidence other than Dr. Bonfiglio's reports to support a finding that Plaintiff could return to significant gainful sedentary employment.

The ALJ may have engaged in the appropriate legal analysis, but such analysis is not readily apparent in his decision. The ALJ's decision may ultimately be correct. However, in the absence of sufficient indication that the ALJ explicitly weighed all of the relevant, probative and available evidence in this case, I am unable to satisfy my obligation to determine whether or not the ALJ's decision is supported by substantial evidence. Accordingly, I hereby remand this case to further develop the record in accordance with this Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Roberta J. Young, | ) |
|       Plaintiff, | ) |
| -vs- | ) |
| | ) Civil Action No. 07-0223 |
| Michael J. Astrue, Commissioner of Social Security, | ) |
|       Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER**

AND now, this 17th day of January, 2008, for the reasons set forth in the accompanying Opinion, it is hereby ordered that Plaintiff's Motion for Summary Judgment [Doc. No. 5] is denied and Defendant's Motion for Summary Judgment [Doc. No. 8] is denied. The case is hereby remanded to the Commissioner of Social Security pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with the accompanying Opinion.

The case is marked CLOSED.

BY THE COURT:

/s/ Donetta W. Ambrose
    Donetta W. Ambrose,
    Chief U.S. District Judge